Good morning. My name is Celia Rhodes with the Federal Public Defender's Office, and I represent Mr. Young. This case presents two separate questions. One about ACCA's Force Clause in light of Wazin, and the other, if the Court chooses to reach it, is the government's alternative argument about separate drug predicates. And with the Court's permission, I'd like to begin with that first issue, which is whether Mr. Young's conviction under the former Louisiana Revised Statute 1437.2 categorically qualifies as a violent felony under ACCA's Force Clause. Now, that crime no longer exists, but at the time it prohibited assaults committed by the discharge of a firearm. And the decision below missed two key problems with that old version of 1437. First, volitional force was not an element required to prove that crime. And intent with respect to harmful consequences is no longer required post-Wazin, excuse me, volition with respect to the act creating the force is. And second, the decision appears to conflate recklessness with negligence. So although Wazin held that the Force Clause covers crimes with a reckless mens rea, negligence is still excluded from the Force Clause's reach. And 1437 is a very rare crime where courts have held that it can be proved by showing only negligence. So as to that first problem that I mentioned, which is the issue of volition, that really comes down to the definition of use, what it means to use force under the Force Clause. Under Wazin, Castleman, and Leocal, use encompasses active employment of force, which here is the discharge of a firearm. And based on that definition, the Supreme Court has repeatedly made clear that force giving rise to a predicate offense. So in this case, again, the discharge of a firearm giving rise to an assault must be volitional. It cannot be negligent or accidental. And that's because Leocal held, and Castleman and Wazin reaffirmed, you can't actively employ physical force against another person by accident. Now, Wazin created an important caveat to that. And that's what the government is trying to capitalize on this case, and which has been the subject of a lot of the case law in the years since Wazin. And that's that Wazin differentiated between intent with respect to force and intent with respect to the harm resulting from that force. So a person doesn't have to have the object or the practical certainty that their force is going to cause a particular harm. Recklessness is enough. And that means post-Wazin that it's only required that a person consciously disregard a substantial risk of harm when employing in force, even if they didn't specifically intend to cause the harm. And I think the dishes example in Wazin is a really good illustration of that. So the husband who throws a plate against the wall near his wife's head, he may not have intended to hit her or known for sure that the plate would break and the shards would hit her. But his conduct is covered by the force clause because at the very least, he consciously disregarded a substantial risk of harm when he willfully threw the plate. But a man with soapy hands who's washing the dishes and drops the plate, he's not covered by the force clause because even if the dish shatters and the same exact harm occurs, he hasn't used force. Accidental or negligent conduct resulting in force cannot be use of force. But purposeful force resulting in unintended harm can be. And that's the distinction that's really important in Wazin. Now the problem is that Louisiana law didn't make that distinction, at least with respect to aggravated assault by discharge of a firearm. Now like Wazin, Louisiana law doesn't care whether you meant to harm anyone when you discharge a gun. But it also doesn't care whether you meant to discharge the gun at all. So it doesn't care whether the act causing the assault was volitional. Intent with respect to the force used is not an element under 1437. And that's what distinguishes this case from the dozens of other predicates that this court has examined in past cases and what makes this case really unique. And that includes that Georgia statute that was examined in Valley Ramirez, which the government relies on. Now it's true that under the Georgia statute, it didn't, that statute didn't require a showing of intent to injure. It didn't require a showing of intent to scare someone. But the court specifically highlighted that prosecutors as an element had to show that quote, the defendant intended to commit the act that causes the victim to feel reasonable apprehension of immediate violent injury. So in other words, the force giving rise to the assault had to be intentional, even if the harm wasn't. So in Georgia, based on that discussion, you would have to show in an assault by discharge of a firearm case where the assault is caused by the gun going off, that the defendant intended to fire the gun. And that's what saved the statute in this, in that case. And that's what kills the statute in this case. Now there's a related problem with 1437 that is the term intent and how it actually applies that term in practice. Louisiana is one of the few states that hasn't adopted the model penal codes culpability framework. And that's what the Supreme Court incorporated into the force clause in Boisin. Louisiana is even an anomaly among the anomaly of states who haven't adopted the MPC, because at least for some crimes, it incorporates negligence into its understanding of what it calls intent. Now the MPC lays out four distinct kinds of culpability. And the purpose of this was there was widespread confusion throughout the law over mens rea before the model penal code. So the model penal code cleans this up and created four distinct categories. And the Supreme Court determined that three of those four fall under the force clause. Purposeful, which the Supreme Court kind of casually refers to as intentionally, knowingly, and reckless conduct. That's the default culpability cutoff under the model penal code and also in most states. Negligence, that fourth category, falls below that floor. So recklessness is the floor. Negligence is below that floor. And under Boisin and Leocal, a crime must have as a required element that the defendant at the very least consciously disregarded a substantial risk of harm of which he was aware. So that's recklessness as defined by Boisin looking to the model penal code. But Louisiana law doesn't use that framework or any of its definitions. It uses a more antiquated general intent versus specific intent framework, which the Supreme Court actually referred to in Boisin and said, we're not even going to touch that. We don't even know where recklessness falls in that old framework. And 1437 is defined under Louisiana law or cases applying it as a general intent crime. And the government has seized upon that language, that use of the term intent there and other places that use the word intentionally. And based on that without evidence of application, the government is arguing that Louisiana's use of that term alone proves that 1437 only criminalized intentional conduct within the meaning of the force clause. But that's insufficient. That's the entire point of the categorical approach is that we have to look at state law definitions of terms like this and how they're actually applied because state law varies wildly even when it's using the same exact common terms like burglary, for example, and intent. And it's particularly important to do this with intent because states have never been consistent in how they apply that. And as it turns out in Louisiana, general intent doesn't mean the same thing as purposeful or knowing as used in the Model Penal Code, which is what I think the government is suggesting. It actually sometimes sets a bar even lower than what the Model Penal Code refers to as recklessness. So it incorporates negligence. And Boisin rightly distinguished between recklessness and negligence for the purposes of the force clause because recklessness requires a subjective awareness of risk. The person doesn't have to know for certain that something's going to happen or have that result as an object of their act, but they do have to be aware of a risk and consciously disregard it. But in Louisiana, what they call general intent sometimes can be proved by what the Model Penal Code refers to as negligence. So it's enough to make an objective showing that the person should have been aware of a particular risk. And that was true for 1437. You should have known that the gun would be discharged when you brought it into this heated situation because a reasonable person in that circumstance would have known that. So it doesn't matter if you intended to fire the gun, and it doesn't even matter if you were reckless or negligent when it comes to the gun being discharged. And this problem isn't just theoretical with 1437 specifically because in Julian, the court specifically said that this law incorporates negligence, that negligence is enough. And the court went on to say that a jury only needs to find that the force used, so that discharge of the firearm, even if it was purely accidental, would reasonably be expected to follow from the act of bringing a gun to the situation. So for 1437, this was an objective reasonable person type inquiry that didn't require a willful use of force. And those two things, the fact that incorporates negligence, that it's a reasonable person inquiry, and the fact that it doesn't require a volitional act, those are two independent reasons why this cannot fall under the force clause. And the page 12 of its brief where it's admitting that negligence may play a role. And I think they're sort of arguing, they seem to complain on page 11, that this doesn't mean that Louisiana law criminalized every accidental discharge of a firearm. And that's certainly true. I don't think that every accidental discharge would have been covered by the statute. But the point under the categorical approach is that it criminalizes some accidental conduct. And it criminalizes some a broader range of conduct than the limits set by Boisi and Leocal. And it means that it cannot serve as an ACCA predicate. The only thing I want to stress before moving on to the next point is that contrary to the government's suggestion, I don't think that the sky will fall if this court determines that this particular statute, which no longer even exists, is incorporates negligence and falls outside of the force clause. Because this statute has amended. The wording no longer says, for example, by reason of discharge of a firearm. And I think in every situation, a defendant's going to have to come forward with a case. So it's not like we're wiping out Louisiana law under the force clause. Now, if the court doesn't have any questions on that issue, I just want to briefly touch on the government's alternative theory for denying Mr. Young relief. And the government is asking this court to find in the rule on this issue. But as the government admits, and Judge Clement, I think, suggested in her COA order, the district court did seem to suggest that it would reject this. And for good reason. The government bases this argument solely on a bare bill of information at ROA 113, charging three drug distribution counts, two of which are listed as occurring on the same day. But for those three counts to independently support application of ACCA, the government is going to have to show that they were committed on occasions different from one another. And there's a near circuit consensus, including in this court, in Fuller and Owens, that this separate predicates requirement is a fact that must be proven by the government using Shepard documents alone. I ask you a procedural. Yes. Decree based. Any reason we would not, if we agree with your first argument, that it would be improper to send it back and allow this separate issue that wasn't addressed the first time? No, I certainly don't think it's improper. It's within the scope of the COA order. So there's jurisdiction to reach the question. I think the court can remand. I, I will say, though, I think that if the court agrees with me on the Shepard issue, that is a purely legal question. It's just looking at ROA 113 and saying, when two predicates are identical and listed on the same day, we cannot, as a matter of law, determine that they are separate. I think that that's under Owens, especially, which I think has a really good explanation of this. That's very easy. So in that circumstance, I don't see a reason to remand. But of course, especially if you're getting into whether that presumption should be rebutted with facts in the for the district court to reach. So I, I do think that if this court agrees, and I think it's very straightforward, I think the law is very clear on this, that those Shepard documents are legally insufficient. There's no reason to remand. All right, counsel. Thank you. Good morning. May it please the court. Ryan McLaren for the United States. I'm joined this appointment in Diane Copes, who are my co-counsel on this appeal. I'm last up on Thursday. I'll try to keep my comments brief. If the court has any questions, I'm happy to answer them. I want to start with the crime of violence issue. Opposing counsel in her brief and during her argument takes issue with Louisiana general intent. And I'd like to point out that this court has reviewed Louisiana general intent multiple times and has never had a problem with Louisiana general intent. I'll point to two cases in particular, Herrera and Hernandez. Those are cases that have been red flagged as a result of Reyes-Contreras, but they've been red flagged for a different reason. They talk about another Louisiana general intent crime, aggravated battery, and they talk about aggravated batteries inclusion of noxious gas and poison. So Reyes-Contreras' elimination of certain distinctions did away with the problem with noxious gas and poison in those cases. That's why they have the red flag, but they do talk about Louisiana general intent and are perfectly comfortable with accepting Louisiana general intent and that that is okay, at least in the context of Louisiana aggravated battery. It's the same standard that would apply here for Louisiana assault. I also want to point out the fact that Louisiana defines this crime, aggravated assault with a firearm, defines it as requiring both volitional conduct and violent conduct. In order to commit this crime, the conduct that's encompassed in this crime is use of a firearm that is going to put the victim in reasonable apprehension as a battery. I think Judge Fallon put it best in his order. He put it the most succinctly in his order denying the 2255. At whether intentional or reckless clearly constitutes the use, attempted use, or threatened use of violent physical force. I read that. I don't see the district court conflating negligence and recklessness. I see him doing the analysis that at the time was dictated by Voisin and that has been reaffirmed since Reyes-Contreras. What Louisiana, the way that Louisiana defines this crime precludes negligence. There's just no negligent way to commit this crime. And so adopting Young's argument in this case, adopting opposing counsel's argument in this case would blow up that one element of this crime that does have a negligent aspect to it and have that negligent aspect subsume the entire crime. That's just not what the state of Louisiana says with respect to this aggravated assault crime. It is at a minimum volitional conduct that is required in order to be convicted of this crime. I want to turn briefly to, unless there's any questions about the aggravated assault statute, I'd like to turn briefly to the drug counts. Looking at the face of the Shepard documents in this case, the Bill of Information, the Washington Parish Bill of Information in this case, a common sense reading of those Shepard documents is that this was a distribution of cocaine and then another, in a sequence of distributions, another second distribution of cocaine. I can see that if they were, if this was violent crimes, then that wouldn't be enough. Fuller says that. I can see that if they were different drugs, that that might not be enough. That on the face of the Shepard documents, that might not be enough. If it was heroin and cocaine or if it was heroin and methamphetamine. But because it's distribution of the same drug in two different counts on the same day, it just, it defies common sense. It defines logic that that would be two distributions of the same drug at the same time. A plain common sense reading of those Shepard documents is that it was one and then the other. So for that alternative reason, the district court's denial of Mr. Young's 2255 should be denied, unless there's any further questions. We've made a good argument, but we also appreciate the length of your argument. Thank you. Thank you, Your Honor. But there's nothing wrong with the length of yours, counsel. Now I'll try to make this quick. You have five minutes. Use it all if you want. I want to just make a couple of quick points. The most important is the government says there's no way to to commit this crime negligently, but is also conceding that, well, with respect to one element of the crime, there is a way to commit it negligently because Julian explicitly says that. But the problem for the government is that the element that can be committed negligently is the use of force element. That is the most important element. And if the use of force is being done negligently, plainly under Leocal, this must be excluded. There's just there's no argument there. And as to the district court's discussion of this, I mean, the government points out that the district court said whether this is whether a discharge of a firearm is negligent or under Boisin and Leocal, if it's reckless, it is a use of force. If it's negligent, it is not. So there's a clear distinction in the law. And if Louisiana law allows in any circumstance for there to be a negligent discharge of a firearm that satisfies the use of force element in its statute, the crime has to be excluded. I also want to talk about the general intent issue. The government keeps pointing to that, but what's important with general intent is how it's actually defined. Now, I do know that in the past this court has upheld statutes that incorporate general intent. I don't think there's any reason, although they've, I think two of them are technically on the Reyes-Contreras list of death and so are therefore theoretically no longer good law. In this particular situation, Julian defined general intent as when the circumstance indicate that the prohibited result may reasonably be expected to follow from the offender's voluntary act irrespective of the subjective desire on the defender's part. And the problem is the voluntary act in Julian wasn't the discharge of the gun, it was bringing the gun to the situation. So in this situation, unlike the past, we've come forward with a case where the court is interpreting and applying general intent in a way that expands the bounds of the force clause or goes beyond the The government is arguing that a common sense reading of the Shepard document is that these were probably committed at different times. The problem is the Shepard document does not say that. And under Fuller and Owens, the Shepard document has to exclude that they were committed at the same time and that the Shepard document without giving any times, without giving any details, without giving any locations, sequence of events, cannot prove that as a matter of law. And we know from the Eighth Circuit's decision in Willoughby that it is possible under the test for whether predicates under ACCA are separate to have two drug counts that are committed at the same time. In Willoughby, it was the same day, it was different people, but sitting in the same living room buying drugs at the same time. And the court rightfully said that of course should not be two separate predicates that make someone an armed career criminal. Because what we're focusing on is whether a person is a recidivist. And selling drugs at the same exact time does not indicate that. That would undermine congressional intent and it also defies the plain meaning of what it means to commit two crimes sequentially. So it doesn't matter if we think that probably this was committed at different times sufficiently to make this two different predicates. If the Shepard document does not rule that possibility out, the government cannot rely on it. Thank you. All right. Thank you and all the council this week for helping us understand these cases.